HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>MYKASA GENERAL CONTRACTORS, INC., an Oregon corporation d/b/a EL TEQUILA RESTAURANT & NIGHT CLUB,, AND LETICIA LOPEZ aka LETICIA HEWITT, INDIVIDUALLY<br><br>Defendant. | Case No. C07-5265RBL<br><br>ORDER GRANTING SUMMARY JUDGMENT AGAINST MYKASA GENERAL CONTRACTORS |

This matter is before the Court on Plaintiff's Motion for Summary Judgment [Dkt. # 20]. Plaintiff seeks statutory damages for Defendants' alleged "pirating" of a televised sporting event distributed by Plaintiff. No defendant has responded to the Motion, and Counsel for defendants have withdrawn. Defendant Mykasa, a corporation, cannot proceed pro se.

The Plaintiff's Motion does not articulate a claim against Defendant Lopez/Hewitt. Indeed, it is not clear that the Motion seeks a judgment against this individual Defendant, and the evidentiary support does not mention her role in the alleged piracy. The Motion does meet the Fed. R. Civ. P. 56 standard for entry of summary judgment against defendant Mykasa General Contractors.

Therefore, the Plaintiff's Motion for Summary Judgment against Defendant Mykasa General Contractors, Inc., d/b/a El Tequila Restaurant & Night Club, is GRANTED.

47 U.S.C. §605(e)(3)(C) provides the basis for an award of damages. It provides:

ORDER
Page - 1

**(C)(i)** Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;

**(I)** the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or

**(II)** the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

**(ii)** In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

In the exercise of the court's discretion under 47 U.S.C. §605(e)(3)(C), the amount of the judgment against this Defendant is as follows: $5,000.00 statutory damages, plus $5,000.00 damages for the willful nature of the violation. The clerk is Directed to enter a judgment consistent with this Order. Plaintiff's claim against Lopez/Hewitt are not resolved by this Order. Plaintiff is directed to provide the court a Status Report as to the pursuit of claims against the individual defendant by January 9, 2009.

Dated this 17th day of December, 2008.

_Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 2